IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN D'VAUGHN FLOWERS,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  ) | 2:16-cv-08104-LSC<br>(2:96-cr-00089-LSC-JHE-2) |

**MEMORANDUM OF OPINION**

Petitioner Kevin Flowers ("Flowers"), moves for habeas relief pursuant to 28 U.S.C. § 2255. (Doc. 1). The United States opposes his motion. (Doc. 9.) For the following reasons, the motion is due to be denied.

**I.  Background**

In 1996, Flowers was sentenced after a federal drug conviction to 250 months' imprisonment: 190 months for the drugs and a consecutive term of 60 months for possession of a firearm during a drug trafficking offense. *See generally United States v. Flowers*, 2:96-cr-00089-LSC-JHE-2. In 2008, Flowers' 190-month sentence was reduced to 153 months due to the enactment of a retroactive guidelines amendment dealing with crack cocaine.

1

In May 2015, while Flowers was serving a term of supervised release for the 1996 conviction, he was arrested for illegal possession of controlled substances, including a quantity of cocaine hydrochloride. As a result of this arrest, Flowers was charged with violating the terms of his supervised release. This Court subsequently revoked Flowers' supervised release and ordered that he be incarcerated for a period of 60 months. *See* Doc. 144 (Judgment and Commitment Order dated June 29, 2015) in *United States v. Flowers*, 2:96-cr-00089-LSC-JHE-2.

Approximately four months later, Flowers pled guilty to the first count of a two-count indictment, charging him with the cocaine he was found in possession of when previously arrested. The new indictment was given case number 2:15-cr-00198-KOB-JHE-1. The Court accepted the plea and later sentenced him to an additional term of 21 months, to be served concurrently with the 60-month revocation sentence.

Flowers now brings a habeas motion under § 2255, seeking a reduction in his 60-month sentence in the revocation proceeding. Flowers contends that he would have been entitled to a two-level reduction in the offense level of his original 1996 case due to a retroactive guidelines amendment change (Amendment 782 to the United States Sentencing Guidelines Drug Table), but that he did not receive the benefit resulting from this change in the law because the amendment did not take

effect until November 1, 2014, after his release from custody in 2011. He now asks the Court to revisit the revocation case and apply the two-level reduction to his 60-month sentence.

## II. Discussion

Because Flowers never raised this issue in a direct appeal from the Court's order revoking probation, the issue is now procedurally defaulted. As a general rule, an available challenge to a criminal sentence must be advanced on direct appeal or else the defendant will be barred from presenting that claim in a § 2255 proceeding. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *see also Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that (1) a defendant must assert all available claims on direct appeal, and (2) relief under [] § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, results in a complete miscarriage of justice.") (internal citations and quotation marks omitted). In Flowers' case, the issue of whether the Court should have considered a guidelines amendment in determining an appropriate sentence in the revocation

case could have been reviewed without further factual development on direct appeal. Flowers, however, failed to advance this claim on appeal. Indeed, he never even raised it at the time sentence was pronounced with regard to the revocation proceeding. *See* Doc. 145 (Revocation Hearing Transcript) in *United States v. Flowers*, 2:96-cr-00089-LSC-JHE-2. Since Flowers failed to seek appellate review of this matter, the issue is now procedurally defaulted.

While Flowers could overcome this hurdle if he could show cause for having not raised the claim on direct appeal and actual prejudice resulting from the alleged error, *see Lynn*, 365 F.3d at 1234, he makes no effort in this regard. Having failed to do so, his claim is barred and no relief is due to be granted.

## III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*

*v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Flowers' claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Flowers' motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON OCTOBER 16, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704